IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | CASE NO. 1:25-cr-118-ECM |
| ) | [WO] |
| ALEXANDER RICHARDSON ) | |

**O R D E R**

**INTRODUCTION**

Defendant Alexander Richardson ("Richardson") is charged in a superseding indictment with one count of conspiracy to distribute and possess with intent to distribute methamphetamine and one count of conspiracy to distribute and possess with intent to distribute cocaine, both in violation of 21 U.S.C. §§ 841(a) and 846. (Doc. 22). The Government filed a motion for detention (doc. 76), and Chief United States Magistrate Judge Stephen Doyle held a detention hearing on March 31, 2025. The Magistrate Judge granted the Government's motion for detention, finding that Richardson poses a danger to the community. (Doc. 156).[1]

Now pending before the Court is Richardson's motion to review and reverse detention order. (Doc. 370).[2] Upon careful consideration, and for the reasons that follow, the Court concludes that the Richardson's motion is due to be denied without a hearing.

---

[1] Although the Magistrate Judge's detention order also states that Richardson poses a risk of flight, the Magistrate Judge later clarified that this statement was erroneous and that Richardson was detained based on dangerousness alone (*see* doc. 397 at 2, n.1).

[2] In the same motion, Richardson also moved to reopen the detention hearing based on allegedly new and material information regarding his health, which the Magistrate Judge denied (*see* doc. 397).

## JURISDICTION AND LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(b), a defendant who has been ordered detained pending trial may move the court with original jurisdiction over the offense to revoke or amend the detention order. In considering such a motion, the district court must undertake an independent, *de novo* review of the case. *United States v. King*, 849 F.2d 485, 489–90 (11th Cir. 1988).

In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of any other person and the community, the Court takes into account several factors, including: (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm; (2) the weight of the evidence against the defendant; and (3) the defendant's history and characteristics, including his physical condition. 18 U.S.C. § 3142(g).

## DISCUSSION

In his motion, Richardson argues that allegedly new and material information regarding his medical issues "raises concerns about whether continued detention is appropriate." (Doc. 370 at 1). Richardson also points out that the United States Probation Office recommended that he be released on bond.

In granting the Government's motion for detention, the Magistrate Judge found that credible evidence was presented that Richardson was a source of supply for cocaine and was armed with at least three firearms. (Doc. 156 at 1). Richardson does not challenge

this finding. Additionally, the Magistrate Judge found that armed drug dealers pose a distinct danger to the community. (*Id.*).

The Court has carefully reviewed the record in this case, including the Magistrate Judge's detention order, Richardson's motion, and the medical records attached thereto. Upon review, the Court agrees with the Magistrate Judge's findings and conclusion that the Government has proven, by clear and convincing evidence, that "no condition or combination of conditions would reasonably assure the safety of the community." (*Id.* at 1–2). The Court agrees with the Magistrate Judge's finding that, based on the evidence presented, Richardson poses a danger to the community. (*See id.* at 1). The Court further finds that neither Richardson's medical issues nor Probation's recommendation, separately or together, are sufficient to alter the conclusion that Richardson poses a danger to the community such that detention is appropriate.

## CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the Defendant's motion to reverse the Magistrate Judge's detention order (doc. 370) is DENIED, and the detention order (doc. 156) is AFFIRMED.

DONE this 10th day of June, 2025.

                                           /s/ Emily C. Marks
                                           EMILY C. MARKS
                                           CHIEF UNITED STATES DISTRICT JUDGE